**UNITED STATES of America ex rel. Nicholas MATHEOS, also known as Nick Prois**

**v.**

**Charles GARFINKEL, Officer in Charge, Immigration and Naturalization Service, United States Department of Justice.**

**Civ. A. 10900.**

United States District Court
W. D. Pennsylvania.

Dec. 12, 1955.

See also 119 F.Supp. 810.

Joseph D. Ripp, Pittsburgh, Pa., for petitioner.

Hubert I. Tietelbaum, First Asst. U. S. Atty., Pittsburgh, Pa., for Charles Garfinkel.

GOURLEY, Chief Judge.

This matter comes before the court on motion of the United States of America to dismiss a petition for writ of habeas corpus.

The alien petitioner is a native and citizen of Greece, who entered the United States in 1940 as a seaman, and was ordered deported by the Immigration and Naturalization Service.

On December 22, 1953, upon hearing on petition for writ of habeas corpus this court stayed deportation and remanded the proceeding to the Immigration and Naturalization Service, in order that said Service re-open administrative proceedings and afford petitioner a hearing, safeguarding petitioner's rights in connection with admission of certain records. This court further retained jurisdiction until disposition of this matter.

In accordance with the court's direction, the Immigration and Naturalization Service re-opened its case against the petitioner and a hearing was given him on July 22, 1954 before a special inquiry officer. On August 23, 1954 a decision was entered denying the alien a suspension of deportation and granting him voluntary departure. An appeal was perfected to the Board of Immigration Appeals. On December 7, 1954, the Board ordered the appeal dismissed.

The petitioner now asks that the court review the record of proceedings to determine whether the Immigration Serv- ice properly exercised its discretion in refusing him a suspension of deportation pursuant to the provisions of the Immigration Act of February 5, 1917, Section 19(c), 39 Stat. 889, as amended by 62 Stat. 1206, which provides:

"In the case of any alien (other than one to whom subsection (d) is applicable) who is deportable under any law of the United States and who has proved good moral character for the preceding five years, the Attorney General may * * * (2) suspend deportation of such alien if he is not ineligible for naturalization or if ineligible, such ineligibility is solely by reason of his race, if he finds * * * (b) that such alien has resided continuously in the United States for seven years or more and is residing in the United States on July 1, 1948 * * *." 8 U.S.C.A. § 155. Now Immigration and Nationality Act, §§ 244(a) (1, 2), 281, 8 U.S.C.A. §§ 1254(a) (1, 2), 1351.

The testimony indicates that the petitioner last entered the United States on January 25, 1940 without a valid immigration visa. Petitioner admitted that his intention was to remain permanently. He was accorded a warrant hearing on August 29, 1945, at which time he agreed to reship immediately from the United States. This he failed to do. He was next accorded a hearing on December 15, 1949. There, it was determined that after the first hearing he was released on parole to the Greek Consul on September 27, 1945 upon conditions that he would furnish the service with his address and give notification if he did not reship within thirty days. He did not report his address or that he had not reshipped but instead went to Weirton, West Virginia.

In view of the record, upon which the Immigration and Naturalization Service premised its finding that petitioner was able to secure his seven year stay only by evasion of the law, I cannot find that the Service's exercise of discretion was grounded upon evidence that was insuffi-

cient on its face or that such finding was unfair. Alexiou v. McGrath, D.C., 101 F. Supp. 421; United States ex rel. Accardi v. Shaughnessy, 2 Cir., 206 F.2d 897.

I must find, therefore, that the Immigration and Naturalization Service has carried out the mandate of this court pursuant to the order of December 22, 1953, fully and in accordance with law.

Motion of the United States to dismiss petition for writ of habeas corpus will be granted.

An appropriate Order is entered.